CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 03 2010

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **ROBERT A. UNGER,** <br> **Plaintiff,** | Civil Action No. 7:10-cv-00384 |
| v. | **MEMORANDUM OPINION** |
| **SUPERINTENDENT B. CONOVER,** <br> **Defendant.** | By: Hon. James C. Turk <br> Senior United States District Judge |

Plaintiff Robert A. Unger, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as the sole defendant B. Conover, Superintendent of the Northwestern Regional Adult Detention Center. Plaintiff alleges that non-defendants maliciously prosecute him, harass him, and committed trespass. This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in his complaint. Sheriff's Deputy Feltner broke open the door of plaintiff's property on April 19, 2010, allegedly in response to a call from plaintiff to emergency services. After responding to Feltner's questions, Feltner charged plaintiff with making an annoying or harassing call to emergency services, in violation of Virginia law. Plaintiff received a twelve-month suspended sentence in May 2010.

On July 9, 2010, another deputy trespassed on plaintiff's property and called plaintiff names. However, the deputy charged plaintiff with resisting arrest and again making an annoying or harassing call to emergency services, in violation of Virginia law.

Plaintiff requests as relief $180,000 for mental anguish and false imprisonment. Plaintiff included with his complaint a state arrest warrant that indicates plaintiff's trial on the July charges will occur on September 16, 2010.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an

assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, plaintiff fails to state any allegation against the defendant. Therefore, plaintiff's action must be dismissed without prejudice for failing to state a claim upon which relief may be granted.

To the extent plaintiff may be seeking a speedier release from custody, he must file petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, a non-death row felon can exhaust the

state remedies in one of three ways, depending on the nature of the claims raised. First, the inmate can file a direct appeal to the Virginia Court of Appeals, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him/her. Second, the inmate can attack the conviction collaterally by filing a state habeas petition with the circuit court where the inmate was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code §§ 8.01-654(A)(1); 17.1-411. Finally, the inmate can exhaust the remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that the inmate ultimately must present his/her claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them. A petitioner can not have exhausted state remedies if a petitioner has the right under the law of the state to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). In order to institute habeas proceedings in federal court, plaintiff must file a verified § 2254 habeas petition that substantially conforms to the standard form petition. Rule 2(c)-(d) of the Rules Governing § 2254 Cases in the United States District Courts. Plaintiff has not filed a verified form petition or demonstrated exhaustion. Therefore, the court will not construe the civil rights complaint as a § 2254 habeas petition.

III.

For the foregoing reasons, the court dismisses the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 3rd day of September, 2010.

/s/ James C. Turk
Senior United States District Judge

4